IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHELLY A. SLUKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-cv-3207 |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Shelly A. Sluka, by and through undersigned counsel, and for her Complaint against Defendant, BNSF Railway Company, a Delaware corporation, states and alleges as follows:

## PARTIES

1. Plaintiff, Shelly A. Sluka is and was at all times herein relevant a citizen and resident of the State of Nebraska, residing in Lincoln, Nebraska.

2. Defendant, BNSF Railway Company ("BNSF") is a corporation organized in the State of Delaware with its principal place of business in Texas. BNSF conducts business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including the State of Nebraska. At all times relevant BNSF received, accepted, and transported various shipments of freight in and through the State of Nebraska, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times relevant was and is presently conducting business in and through the State of Nebraska.

3. BNSF can be served through its agent for service of process at CT Corporation System, 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.

## JURISDICTION & VENUE

4. Jurisdiction is appropriate under 28 U.S.C. § 1331 as Plaintiff's Complaint involves a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA") and this Court has subject matter jurisdiction over these claims pursuant to 45 U.S.C. § 56.

5. The events giving rise to both of Plaintiff's causes of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6. Both of Plaintiff's causes of action arose less than three years from the filing of this Complaint which is timely pursuant to 45 U.S.C. § 56 of the FELA.

## COUNT I

7. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 and 2 of her Complaint as if the same were set forth verbatim herein.

8. At all times relevant, Plaintiff was employed by BNSF as a carman and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of BNSF's interstate commerce activities and in work which directly, closely, and substantially affected the general interstate commerce carried on by BNSF as a railroad common carrier.

9. On October 28, 2022 Plaintiff was working in the course and scope of her railroad employment on the X3 line in Building 181 at BNSF's Havelock car shop and facility in Lincoln, Nebraska. Plaintiff was assigned to separate coupled intermodal cars on the X3 line and had to take apart and remove the components that coupled the cars together. To do this, Plaintiff was required to remove the nut and bolt from the block wedged in between the ball and casting of the coupling

mechanism. Plaintiff was provided with a torque impact tool that unbeknownst to Plaintiff had not been approved for use at Havelock. While attempting to remove the nut and bolt from the block using the torque impact tool with her right hand, the torque impact tool unexpectedly and forcefully lurched upward into Plaintiff right hand, causing Plaintiff to sustain in the hereinafter described serious injuries and damages.

10. At all times relevant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe training related to the work procedures performed, reasonably safe supervision, and a duty to exercise reasonable care in connection with all aspects of Plaintiff's working environment specifically including on and at the time of Plaintiff's October 28, 2022 injury incident.

11. BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

   (a)    BNSF failed to provide Plaintiff with a reasonably safe place to work;

   (b)    BNSF failed to provide Plaintiff with reasonably safe conditions for work;

   (c)    BNSF failed to provide Plaintiff with reasonably safe tools and equipment for work;

   (d)    BNSF failed to provide Plaintiff with reasonably safe methods and procedures for work;

   (e)    BNSF customarily failed to enforce its own safety rules, policies and procedures;

   (f)    BNSF allowed and permitted unsafe work practices and procedures to become customary and accepted work practices; and/or

   (g)    BNSF failed to provide Plaintiff with reasonably safe supervision for work.

12. BNSF knew, or in the exercise of reasonable care should have known, that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

13. Plaintiff's injuries were caused, even in the slightest, as a result of one or more of BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's non-delegable duties under the FELA.

14. As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries to her right upper extremity to include her right hand, thumb and wrist, with bruising, straining, spraining, tearing, and/or twisting to the soft tissues, ligaments, tendons, muscles, cartilages, bones, blood vessels, and nerves of Plaintiff's right upper extremity, all of which have resulted in Plaintiff experiencing limitation of motion, reduced function, sensory changes including sensations of burning and sharp pain, impairment, neurological damage and dysfunction, physical pain, emotional suffering, post-traumatic stress disorder, and loss of enjoyment of life, and Plaintiff will continue to suffer from the aforesaid permanent and progressive injuries, conditions, and symptoms in the future.

15. As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received extensive medical, hospital, surgical, rehabilitative, and therapeutic care and treatment and will require such additional care and treatment in the future, and Plaintiff has incurred expenses for her medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will incur such additional expenses in the future for her medical care and needs.

16. As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained the aforesaid serious injuries and resulting symptomatology and has sustained a past wage loss and an impairment of her earning capacity, both past and future, a loss of fringe benefits of employment and a loss of pension and retirement benefits, both past and future.

WHEREFORE, Plaintiff Shelly A. Sluka prays for judgment of and from Defendant BNSF Railway Company in Count I for such general and special damages as she is entitled to recover under law in excess of seventy five thousand dollars ($75,000.00), together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not.

## COUNT II

17. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 and 2 of her Complaint as if the same were set forth verbatim herein.

18. At all times relevant, Plaintiff was employed by BNSF as a carman and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of BNSF's interstate commerce activities and in work which directly, closely, and substantially affected the general interstate commerce carried on by BNSF as a railroad common carrier.

19. On September 17, 2024 Plaintiff was working in the course and scope of her railroad employment on the X3 line in Building 181 at BNSF's Havelock car shop and facility in Lincoln, Nebraska. Plaintiff was assigned to remove a defective steel stub on an intermodal car and was required to use a cutting torch to perform this task. Plaintiff was wearing all required personal

protective equipment, including a new pair of BNSF approved fire-retardant bib overalls provided to Plaintiff the day before. While using the cutting torch on the steel stub generating sparks and flames as otherwise expected performing this work task, Plaintiff's left leg unexpectedly became engulfed in flames, causing Plaintiff to sustain in the hereinafter described serious injuries and damages.

20. At all times relevant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe training related to the work procedures performed, reasonably safe personal protective equipment for work, reasonably safe supervision, and a duty to exercise reasonable care in connection with all aspects of Plaintiff's working environment specifically including on and at the time of Plaintiff's September 17, 2024 injury incident.

21. BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

    (a)     BNSF failed to provide Plaintiff with a reasonably safe place to work;

    (b)     BNSF failed to provide Plaintiff with reasonably safe conditions for work;

    (c)     BNSF failed to provide Plaintiff with reasonably safe tools and equipment for work;

    (d)     BNSF failed to provide Plaintiff with reasonably safe methods and procedures for work;

    (e)     BNSF customarily failed to enforce its own safety rules, policies and procedures;

    (f)     BNSF allowed and permitted unsafe work practices and procedures to become customary and accepted work practices;

(g) BNSF failed to provide Plaintiff with reasonably safe supervision for work; and/or

(h) BNSF failed to provide Plaintiff with reasonably safe personal protective equipment for work.

22. BNSF knew, or in the exercise of reasonable care should have known, that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

23. Plaintiff's injuries were caused, even in the slightest, as a result of one or more of BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's non-delegable duties under the FELA.

24. As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious second and third degree burn injuries to her left lower extremity requiring skin grafting procedures on her left thigh, and a burn injury to her left wrist, with trauma to the soft tissues, blood vessels, and nerves of Plaintiff's left lower extremity, all of which have resulted in Plaintiff experiencing reduced function, sensory changes, impairment, disfigurement, scarring, neurological damage and dysfunction, physical pain, emotional suffering, post-traumatic stress disorder, and loss of enjoyment of life, and Plaintiff will continue to suffer from the aforesaid permanent and progressive injuries, conditions, and symptoms in the future.

25. As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received extensive medical, hospital, surgical, rehabilitative, and therapeutic care and treatment and will require such additional care and treatment in the future, and Plaintiff has

incurred expenses for her medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will incur such additional expenses in the future for her medical care and needs.

26. As a result, even in the slightest, of one or more of BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained the aforesaid serious injuries and resulting symptomatology and has sustained a past wage loss and an impairment of her earning capacity, both past and future, a loss of fringe benefits of employment and a loss of pension and retirement benefits, both past and future.

WHEREFORE, Plaintiff Shelly A. Sluka prays for judgment of and from Defendant BNSF Railway Company in Count II for such general and special damages as she is entitled to recover under law in excess of seventy five thousand dollars ($75,000.00), together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to both Count I and Count II of her cause of action against Defendant BNSF.

Respectfully submitted,

CHOD LAW, LLC

/s/ *Jeffrey E. Chod*
Jeffrey E. Chod
\* *Admitted in the District Court of Nebraska*
P.O. Box 17727
Denver, CO 80217-7727
Telephone: (314) 541-5862
Facsimile: (719) 470-2244
E-Mail: jchod@chodlawfirm.com
**ATTORNEY FOR PLAINTIFF**